UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-14044-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID HAYDEN,

    Defendant.
_____/

FILED by _____ D.C.
OCT 25 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS INDICTMENT [D.E. #32]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion, the government's response and the Defendant having not filed a reply, and this Court otherwise being advised in the premises, makes the following report and recommendation to the District Court:

1.    The motion seeks to dismiss the Indictment. However, there is no Indictment in this case. The Defendant entered a Waiver of Indictment and an Information was filed directly against the Defendant by the government. That Information charges the Defendant with the following:

> The United States Attorney charges:
>
> Beginning on or about February 2, 2011 through on or about June 7, 2011, in Martin County, in the Southern District of Florida, the defendant,
>
> DAVID HAYDEN,
>
> did knowingly receive a visual depiction, which had been shipped and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction is of such sexually explicit conduct, as

        defined in 18 United States Code, Section 2256, in violation of
Title 18, United States Codes, Section 2252(a)(2) and (b)(1).

2. The Defendant's motion attacks the constitutionality of 18 U.S.C. § 2252(a)(2) which is the statute under which the Defendant is charged. The Defendant's motion alleges that the constitutional violation results from the fact that the affirmative defense enumerated in § 2252(a)(4)(c) is limited and available only to individuals charged with a violation of 18 U.S.C. § 2252(a)(4).

3. Title 18 U.S.C. § 2252(a)(4) charges possession of child pornography. It is pointed out that the Defendant is not charged with that crime. The Defendant is charged with knowingly receiving child pornography, in violation of Title 18, U.S.C. § 2252(a)(2) and (b)(1).

4. The Defendant argues that the exclusion of the affirmative defense from the portion of the statute under which the Defendant is charged, "seems to clearly violate the spirit and intent of the framers of the law to include a provision giving innocent recipients of child pornography a defense to criminal charges." Further, the Defendant's motion argues that there is no rational or reasonable explanation, nor compelling governmental necessity, as to why individuals charged with possession of child pornography are provided an affirmative defense while those who knowingly receive child pornography are not provided the benefit of that same affirmative defense.

5. The Defendant alleges that 18 U.S.C. § 2252 is facially unconstitutional and deprives those charged with receipt of child pornography from the equal protection of the laws, due process of law, and the right to a fair trial by depriving them of the ability that others similarly situated have to assert a statutory affirmative defense. Further, the Defendant argues that the statute is also unconstitutional as applied to him in particular where he intends

to assert as a trial defense that any actual child pornography he may have obtained would qualify him for the affirmative defense.

6.      Alternatively, the Defendant argues that should the District Court find that 18 U.S.C. § 2252 is constitutional, that the Court permit the Defendant to assert the affirmative defense in this case and to provide a jury instruction in that regard.

## ANALYSIS

7.      The Defendant objects to the fact that an affirmative defense is provided to individuals who are charged with mere possession of child pornography while that same affirmative defense is not statutorily available to an individual, such as the Defendant, who is charged with receipt of child pornography.  Congress has the right to distinguish certain offenses by imposing different penalties and other statutory provisions, such as affirmative defenses.  It is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.  United States v. Steiger, 318 F.3d 1039 (11th Cir. 2003). The Defendant is inaccurate when he claims he is "similarly situated" to those charged with mere possession of less than three matters of child pornography.

8.      In respect to the specific affirmative defense addressed by the Defendant's motion, the Eleventh Circuit Court of Appeals in United States v. O'Keefe, 461 F.3d 1338 (11th Cir. 2006), has specifically found that the affirmative defense afforded by 18 U.S.C. § 2252(a)(4)(c) permits an affirmative defense only for certain limited violations of § 2252(a)(4) which governs possession of child pornography and is not applicable to an individual charged with receipt of child pornography as is this Defendant. There are further restrictions on the

applicability of the statutory affirmative defense even if a person is charged with simple possession of child pornography.

9. The affirmative defense is available only to a defendant who possessed less than three matters containing any visual depiction prescribed by § 2252(a)(4) and the defendant promptly and in good faith and without retaining or allowing any person, other than a law enforcement agency, to access any visual depiction or copy thereof took reasonable steps to destroy each visual depiction or reported the matter to a law enforcement agency and afforded that agency access to each visual depiction. This is the affirmative defense which the Defendant claims he should be entitled to assert.

10. This Court disagrees with the Defendant's assertion that the statute denies him equal protection and due process both on its face and as applied to the Defendant. As stated previously, Congress in enacting laws has the right to include a particular provision in one part of a statute while omitting it in another part of the same statute. This was obviously done in this case when Congress made the conscious decision to make available an affirmative defense to a special class of individuals charged with less than three matters of child pornography and who also satisfy other criteria in the statute concerning destruction of the matters or immediately contacting law enforcement. It is logical and rational to understand why an affirmative defense may be available to an individual who would qualify under § 2252(a)(4)(c) alleged to be an innocent possessor of less than three matters containing child pornography who then promptly take steps to notify law enforcement or destroy the child pornography. This Court can understand the difference between an individual who would qualify for that affirmative defense and someone who has possessed and/or received child pornography in an amount greater than three items. This Court also points out that pursuant

to the plain language of § 2252(a)(4)(c), the affirmative defense is not automatically available to everyone charged with mere possession of child pornography. An individual who possesses more than three matters containing child pornography and is charged under §2252(a)(4) with simple possession, does not have the affirmative defense available to them either.

11. The Defendant has not presented any legal precedent which would support his argument that 18 U.S.C. § 2252 is unconstitutional on its face or as applied to the Defendant. Congress may choose to include certain provisions and omit certain provisions of the same statute. Those omissions do not rise to the level of a constitutional violation of equal protection or due process by the mere fact that one provision of a statute is not afforded to an individual charged under a different portion of that statute. The Defendant is not "similarly situated" to someone charged with possession of less than three matters of child pornography. The distinction made by Congress in these statutory differences is reasonable and rational.

12. The Defendant argues that the term "knowingly" as utilized in the statute under which he is charged, incorporates a scienter or mens rea requirement which must be proven by the government to establish the Defendant's knowledge and intent in this case. The Defendant argues that the "knowledge requirement" does not offer a blanket protection to otherwise innocent users since a person could be exposed to a pornographic image of a child without intending to do so and therefore be guilty under the statute. Whether an individual knowingly possessed or received certain images of child pornography is a question of fact to be resolved by a jury. The requirement of "knowingly" in the statute concerning receipt and possession of child pornography makes the statute less vague and does not prevent the

Defendant from understanding what criminal conduct must be established by the government at trial. As stated by the United States Supreme Court in United States v. Williams, 553 U.S. 285 (2008), courts and juries every day pass upon knowledge, belief and intent of the state of men's minds having before them no more than the evidence of their words and conduct from which in ordinary human experience mental condition may be inferred. The fact that a jury may be called upon to resolve these issues is not grounds for declaring a statute unconstitutionally vague or infirm. In other words, the government has the burden of proof in this case. If the government does not meet its burden of proof at trial concerning knowledge or any other element required by the statute under which the Defendant is charged, then the jury may acquit the Defendant.

13. This Court also finds that the Information filed in this case accurately sets forth the statute under which he is charged. As long as the Information in this case presents the essential elements of the charged offense, notifies the Defendant of the charges to be defended against and enables the Defendant to rely upon a judgment under the Information as a bar against double jeopardy for any subsequent prosecution for the same offense, the Information is sufficient. United States v. Walker, 490 F.3d 1282 (11th Cir. 2007). The Information tracks the statutory language and adequately advises the Defendant of the charges he is facing and does so to such a degree that prevents him from being exposed to double jeopardy for conviction of the same offense in any other proceeding.

14. This Court finds that the statute is not unconstitutionally vague. The statute is not unconstitutional on its face nor as applied to the Defendant. The thrust of the Defendant's constitutional argument is that the affirmative defense should be equally applicable to the section of the statute under which he is charged as it is to certain persons charged with

possession of child pornography. This argument is flawed and is without merit based upon case law precedent in this Circuit as cited by this Court herein. A plain reading of the statute clearly shows that the affirmative defense is not available to an individual charged with the criminal conduct the Defendant is charged with in the Information. The fact that Congress has chosen to not make the statutory affirmative defense available to individuals charged with receipt of child pornography does not justify finding the entire statute unconstitutional as the Defendant argues.

15.  The Defendant alternatively argues that should the Court find that the Motion To Dismiss should be denied on the constitutional arguments made by the Defendant, that the Court allow him to present the affirmative defense and obtain a jury instruction setting forth that affirmative defense. Once again, this Court reiterates that the statute under which the Defendant is charged does not permit asserting the statutory affirmative defense as is clearly set forth in O'Keefe, supra. However, even if the affirmative defense was statutorily available to the Defendant, a pretrial motion is not the proper vehicle with which to request a specific jury instruction. That is a matter to be considered by the District Court at the conclusion of the presentation of all the evidence and prior to submission of the case to the jury. If the facts and circumstances unfold at trial in a different manner than has been presented in the pleadings thus far, then the Defendant can make his argument to the District Court concerning a requested jury instruction at that time. Nevertheless, not only is the affirmative defense not available to the Defendant under the statute, it is wholly premature to even begin to address a request for a jury instruction on a pretrial motion before the government and the Defendant have had an opportunity to present their evidence at trial. It is only at that time that the District Court could reasonably rule on any request for a specific

jury instruction based upon all of the evidence presented to the jury during the trial. Therefore, requesting a jury instruction at this time is due to be denied as well.

16.     This Court also points out that the upcoming trial date requires that this Court shorten the time for filing any objections to this Report and Recommendation. The shortening of this time period is authorized by Weiss v. Standard Ins. Co., 2009 WL 1833963 (S.D. Fla. 2009) and Grayson v. Cathcart, 2009 WL 4723271 (E.D. N.Y. 2009). In order to give the District Court sufficient time to review this Report and Recommendation and rule upon it, any objections shall be filed **no later than 12:00 noon on Friday, October 28, 2011**.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion To Dismiss [D.E. #32] be **DENIED**.

The parties shall have up and until **12:00 noon on Friday, October 28, 2011** within which to file any objections to this Report and Recommendation with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 25th day of October, 2011, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Carmen M. Lineberger
Jason M. Wandner, Esq.
Richard D. Kibbey, Esq.